MATTHEW D. CHURCH #15574
**MANNING CURTIS BRADSHAW**
**& BEDNAR PLLC**
201 South Main Street, Suite 750
Salt Lake City, Utah 84111
(801) 363-5678
mchurch@mc2b.com
*Attorney for Weber County Strike Force*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRIAN CARTER,<br><br>Plaintiff,<br><br>v.<br><br>WEBER COUNTY STRIKE FORCE, OFFICER LUNT, and OGDEN POLICE DEPARTMENT,<br><br>Defendants. | **WEBER COUNTY STRIKE FORCE'S ANSWER**<br><br>Case No. 1:23-cv-00094-DAO<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Weber County Strike Force ("Defendant") answers Plaintiff's Complaint as follows[1]:

INTRODUCTION

Defendant denies all allegations in Plaintiff's "Introduction" section as directed at himself. Defendant expressly denies any wrongdoing on its behalf. Defendant has insufficient information to form a belief as to the truthfulness of the remaining allegations in the "Introduction" section and therefore denies.

---

[1] Plaintiff did not consistently number the paragraphs in his Complaint. Defendant attempted to organize its Answer to respond to all of Plaintiff's allegations in the Complaint. If this creates any confusion, Defendant denies each and every allegation not specifically admitted herein.

1

## STORY

Defendant denies all the allegations against it contained Plaintiff's "Story" section. As this section seemingly functions as an introduction to the rest of Plaintiff's Complaint by summarizing the alleged events giving rise to Plaintiff's claims against Defendant, Defendant incorporates its answers to the proceeding paragraphs as though fully stated herein.

Defendant expressly denies that it "harassed and stalked" Plaintiff, violated Plaintiff's civil rights, or committed any negligent or wrongful acts. Defendant has insufficient information to form a belief as to the truthfulness of the remaining allegations in Plaintiff's "Story" section and therefore denies.

## PARTIES

1. Defendant admits only that Plaintiff is making the claims described in this paragraph. Defendant denies all other allegations in this paragraph.

1. Defendant has insufficient information to form a belief as to the truthfulness of the allegations in this paragraph and therefore denies.

2. Defendant admits only that Plaintiff is making the claims described in this paragraph. Defendant denies all other allegations in this paragraph.

3. Defendant has insufficient information to form a belief as to the truthfulness of the allegations in this paragraph and therefore denies.

## JURISDICTION AND VENUE

2-3. These paragraphs call for legal conclusions and Defendant need not respond. If a response is required, Defendant denies.

## FACTS

1-6.    Deny.

## COUNT ONE

¶ 1.    This paragraph calls for legal conclusions and Defendant need not respond. If a response is required, Defendant admits only that the Second Amendment speaks for itself. Defendant denies all remaining allegations in this paragraph.

¶ 2.    This paragraph calls for legal conclusions and Defendant need not respond. If a response is required, Defendant admits only that the Fourth Amendment speaks for itself. Defendant denies all remaining allegations in this paragraph.

¶ 3.    This paragraph calls for legal conclusions and Defendant need not respond. If a response is required, Defendant admits only that the Fifth Amendment speaks for itself. Defendant denies all remaining allegations in this paragraph.

¶ 4.    This paragraph calls for legal conclusions and Defendant need not respond. If a response is required, Defendant admits only that the Eighth Amendment speaks for itself. Defendant denies all remaining allegations in this paragraph.

¶ 5.    This paragraph calls for legal conclusions and Defendant need not respond. If a response is required, Defendant admits only that the Fourteenth Amendment speaks for itself. Defendant denies all remaining allegations in this paragraph.

## REQUEST FOR RELIEF

In response to Plaintiff's Request for Relief, Defendant denies entitlement to any relief for the damages set forth in any part of Plaintiff's Complaint (including subparagraphs 1-9).

## JURY DEMAND

Defendant acknowledges Plaintiff's demand for a jury trial. If Plaintiff's jury demand is deemed invalid, Defendant states its intent to request a jury and have all issues tried before a jury.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a cause of action against Defendant upon which this Court can grant relief.

**SECOND AFFIRMATIVE DEFENSE**

Defendant denies each and every allegation of the Complaint not specifically admitted herein.

**THIRD AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff has failed to state any claim for special damages with sufficient specificity under Utah R. Civ. P. 9(h).

**FOURTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff was contributorily negligent or at fault in a degree equal to or greater than the negligence or fault of Defendant, if any. Plaintiff had a duty to use reasonable care to provide for their safety and to avoid foreseeable injuries. To the extent they failed to do so, they are at fault for the incident and this Court must bar or reduce Plaintiff's recovery, if any, under the provisions of Utah Code Ann. § 78B-5-818, *et seq*. to ensure that Defendant pay no more than their proportionate share of fault, if any.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff may have failed to mitigate their damages and to the extent of such failure, their claims fail as a matter of law.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to argue that Plaintiff is responsible for their alleged injuries. To the extent that it is discovered that Plaintiff acted inappropriately and contrary to any applicable laws or ordinances, their claim should be barred.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant asserts that the fact finder should limit Plaintiff's damages, if any, to those expenses that are both reasonable and necessary. The fact finder should limit Plaintiff's damages, if any, to only those that Defendant allegedly caused by Defendant's alleged negligence.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff's negligence claim is barred because Defendant did not owe Plaintiff a duty of care under the circumstances of the alleged injuries. Further, in the event Defendant did owe Plaintiff a duty of care, Defendant did not breach its duty of care in this case.

**NINTH AFFIRMATIVE DEFENSE**

Defendant alleges that, to the extent that Plaintiff's Complaint contains claims for which Plaintiff may have already been compensated or is entitled to be compensated, that said amounts are improperly included in Plaintiff's Complaint and should be stricken or, in the alternative, Defendant should be given a set-off in an amount equal to those payments. Plaintiff cannot recover costs paid by others, such as Workers Compensation insurance, health insurance, Medicare, personal injury protection benefits, or no-fault insurance.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery for pre-existing conditions. To the extent that Plaintiff's injuries or damages were the result of pre-existing conditions or circumstances, Defendant asserts that it is not responsible for those injuries or damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to argue that the statute of limitations or the doctrines of laches, waiver, and estoppel may bar Plaintiff's action. Defendant also reserves the right to assert that Plaintiff's claims may be barred because of the assumption of risk doctrine, statute of frauds, accord and satisfaction, or by a release.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant asserts that it did not violate clearly established, particularized, constitutional, statutory, or common-law rights or privileges. Defendant consistently acted in good faith, without malice, and its acts were justified and reasonable under the circumstances.

## THIRTEENTH AFFIRMATIVE DEFENSE

Discovery may reveal that the cause of Plaintiff's alleged damage was the negligence or fault of others over whom Defendant had no right to control, or persons or entities not yet named in this action. As discovery proceeds, Defendant reserves the right to seek apportionment of fault against the co-defendants, any other people or entities that the parties may add to this action in the future, or non-parties that are identified as contributing or causing the alleged dames that are the subject of Plaintiff's Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's action may be limited and barred under the Governmental Immunity Act of Utah, Utah Code Ann. § 63G-7-101, *et seq.* This may include, but is not limited to, Utah Code Ann. § 63G-7-201; Utah Code Ann. § 63G-7-202; Utah Code Ann. § 63G-7-401; Utah Code Ann. § 63G-7-402; Utah Code Ann. § 63G-7-403; and Utah Code Ann. § 63G-7-604. This includes but is not limited to that Plaintiff may have failed to strictly comply with the notice of claim requirements under the Governmental Immunity Act of Utah and consequently the Court may lack subject-matter jurisdiction over Plaintiff's claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant is not liable under 42 U.S.C § 1983 based on *respondeat superior* or any supervisory or derivative liability theory.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that certain defenses may arise because of the discovery process and production of documents, and Defendant reserves the right to amend its Answer to include such affirmative defenses.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff alleges that Defendant has committed a crime, Defendant asserts that Plaintiff does not have a private cause of action for these claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff's claims are barred by the public duty doctrine and the doctrine of Sovereign Immunity, Governmental Immunity, and Qualified Immunity.

## NINETEENTH AFFIRMATIVE DEFENSE

Any constitutional violation that allegedly occurred was not the result of a deliberately indifferent custom, policy, or practice of Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from litigating the issues raised in his Complaint due to Plaintiff's failure to exercise and exhaust his constitutional, administrative, and/or judicial remedies under federal, state, and local laws and procedures.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Qualified Immunity because Defendant did not violate any constitutional rights and the rights Plaintiff alleges were violated were not clearly established.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff was not engaged in a constitutionally protected activity.

**WHEREFORE**, Defendant, having fully answered Plaintiff's Complaint, request that this Court dismiss Plaintiff's Complaint against it, that Plaintiff takes nothing, and that Defendant receives its costs of court incurred herein and any other relief as the Court considers just and equitable.

DATED November 22, 2023.

**MANNING CURTIS BRADSHAW & BEDNAR PLLC**

/s/ Matthew D. Church

MATTHEW D. CHURCH
*Attorney for Weber County Strike Force*

**CERTIFICATE OF SERVICE**

I certify that on November 22, 2023, a copy of the foregoing was electronically filed with the Clerk of the Court using the E-File system and served via electronic mail and U.S. mail, postage prepaid, to the following:

Brian Carter
269 W. 33rd Street
Ogden, UT 84401
briancarter0020@gmail.com
*Pro Se Plaintiff*

<u>/s/ Caroline Smith         </u>.