UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| BRIAN CARTER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WEBER COUNTY STRIKE FORCE; OFFICER LUNT; and OGDEN POLICE DEPARTMENT,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 61)**<br><br>Case No. 1:23-cv-00094<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

　　　　Plaintiff Brian Carter is proceeding in this case without an attorney and *in forma pauperis* (without paying the filing fee).[1] Mr. Carter now moves for appointment of counsel.[2] Because Mr. Carter does not provide a reason for his request, the motion is denied without prejudice.

　　　　While defendants in criminal cases have a constitutional right to representation by an attorney,[3] "[t]here is no constitutional right to appointed counsel in a civil case."[4] Appointment of counsel in civil cases is left to the court's discretion.[5] Indigent parties in

---

[1] (*See* Order Granting Mot. to Proceed in Forma Pauperis, Doc. No. 4; Compl., Doc. No. 5.)

[2] (Mot. for Appointment of Counsel, Doc. No. 6.)

[3] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[4] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[5] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

1

civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an attorney to represent any person unable to afford counsel." The applicant has the burden to convince the court his/her/their claim has enough merit to warrant appointment of counsel.[6] When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[7]

Mr. Carter asks the court to appoint counsel but states no reason or basis for the request, other than that he has been granted leave to proceed *in forma pauperis*. To begin with, this statement is inaccurate—Mr. Carter is not proceeding *in forma pauperis*. Indigent plaintiffs may request to proceed *in forma pauperis* if they cannot afford the fee to file a case in this court.[8] Because Defendant Weber County Strike Force removed this case from state court to federal court,[9] that defendant—not Mr. Carter—paid the filing fee. But even if Mr. Carter were proceeding *in forma pauperis*, as outlined above,

---

[6] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

[8] *See* DUCivR. 3-2(a).

[9] (*See* Notice of Removal, Doc. No. 2.)

this is insufficient to warrant appointment of counsel in a civil case.  Accordingly, the court DENIES Mr. Carter's motion for appointment of counsel[10] without prejudice.[11]

DATED this 6th day of June, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[10] (Doc. No. 61.)

[11] Because the motion is denied without prejudice, Mr. Carter may (if he chooses) file a new motion explaining why, under the factors outlined above, his case warrants the appointment of counsel.