UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| BRIAN CARTER,<br><br>  Plaintiff,<br><br>v.<br><br>WEBER COUNTY STRIKE FORCE; OFFICER LUNT; and OGDEN POLICE DEPARTMENT,<br><br>  Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR REQUEST OF COUNSEL AND DISCOVERY EVIDENCE IN SUPPORT OF SUBPOENA (DOC. NO. 63)**<br><br>Case No. 1:23-cv-00094<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

Brian Carter, proceeding without an attorney, has filed a "Motion for Request of Counsel and Discovery Evidence in Support of Subpoena."[1] Although Mr. Carter's motion is difficult to follow,[2] it appears he seeks two forms of relief—appointment of counsel, and service of subpoenas on third parties. Because Mr. Carter has not shown appointment of counsel is warranted and his subpoena request is procedurally improper and untimely, his motion is denied.

---

[1] (*See* Mot. for Req. of Counsel and Disc. Evid. in Supp. of Subpoena ("Mot."), Doc. No. 63.)

[2] (*See, e.g.*, *id.* at 1 ("Exculpatory [extenuating] circumstances warrant this motion for request of counsel and discovery evidence in support of subpoena due to an abuse in discretion of factual claims that are complex legal issues considering merits of access to computer for body cam subpoena and pragmatic reasoning that absent would violate due process and fair trial rights prejudicing the plaintiff and interest of justice standard being civil to criminal.").)

### 1. Request for Appointment of Counsel

Mr. Carter previously filed a motion for appointment of counsel,[3] but it was denied because he gave no reason for his request.[4] Mr. Carter now argues appointment of counsel is warranted because he is incarcerated and cannot find counsel or access a computer, he lacks courtroom experience, and his case involves "complex legal issues."[5] Mr. Carter's motion also describes the underlying events supporting his claims.[6]

While defendants in criminal cases have a constitutional right to representation by an attorney,[7] "[t]here is no constitutional right to appointed counsel in a civil case."[8] Appointment of counsel in civil cases is left to the court's discretion.[9] Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an attorney to represent any person unable to afford counsel." When deciding whether to appoint counsel, the court considers a variety of

---

[3] (*See* Mot. for Appointment of Counsel, Doc. No. 61.)

[4] (*See* Mem. Decision and Order Den. Without Prejudice Mot. for Appointment of Counsel, Doc. No. 62.)

[5] (*See* Mot., Doc. No. 63 at 1.)

[6] (*See id.* at 2–4.)

[7] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[8] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[9] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994); *see also Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) ("Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." (citation omitted)).

factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[10]

Considering the applicable factors, Mr. Carter has not shown appointment of counsel is warranted. Although Mr. Carter's incarceration and lack of courtroom experience no doubt make litigating his case difficult, these challenges "are essentially the same issues raised by all incarcerated pro se persons attempting to litigate their own cases."[11] While "litigation would be simpler for [Mr. Carter] if he had counsel, or even if he were simply not incarcerated," he is not entitled to appointment of counsel simply because he is incarcerated or lacks courtroom experience.[12]

Further, despite Mr. Carter's bare assertion that this case involves "complex legal issues," the factual and legal issues he raised in his complaint do not appear unusually complex—nor does this case involve matters of particularly significant public interest (though it is understandably significant to Mr. Carter). For all these reasons, Mr. Carter's request for appointment of counsel is denied.

---

[10] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[11] *Miller v. Jackson*, No. 18-cv-00024, 2019 U.S. Dist. LEXIS 149806, at *4 (D. Colo. Apr. 30, 2019) (unpublished) (denying motion to appoint counsel); *see also Sabbath v. Hicks*, No. 20-cv-00893, 2020 U.S. Dist. LEXIS 271479, at *3 (D. Colo. Oct. 6, 2020) (unpublished) ("Although Plaintiff has expressed concern about his ability to litigate this case while incarcerated, his inmate status alone does not entitle him to appointed counsel.").

[12] *Miller*, 2019 U.S. Dist. LEXIS 149806, at *4.

### 2. Request for Subpoenas

Mr. Carter also seems to be asking the court to subpoena evidence from third parties.[13]  But Mr. Carter does not need to file a motion in order to serve a subpoena.  Rule 45(a)(3) of the Federal Rules of Civil Procedure provides that parties may request a subpoena from the clerk of court.[14]  And a subpoena request form is available on the court's website.[15]  However, fact discovery in this case closed on May 7, 2024.[16]  Even if Mr. Carter served the subpoenas the same day he filed his motion (August 26, 2024), the subpoenas would be untimely.[17]  Accordingly, Mr. Carter's request for subpoenas is denied.

---

[13] (See Mot., Doc. No. 63 at 4 (asking the court to "subpoena evidence of Sarah Faulkner AP&P [Adult Probation & Parole] reports and all text messages between her and the plaintiff and the same for Greg Hunt who were plaintiff[']s AP&P agent[s] for Salt Lake City and Ogden to prove framed intent to obstruct process of administration of justice terminating schooling at college and repossession of vehicle to obtain evidence to destroy and delay trial to not prosecute officers guilty of crimes by conspiracy").)

[14] See Fed. R. Civ. P. 45(a)(3) ("The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it.  That party must complete it before service.").  Rule 45(b) explains how to serve a subpoena.

[15] See USDC Forms, available at https://www.utd.uscourts.gov/usdc-forms.  The document subpoena form is entitled "Civil Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action."

[16] (See Scheduling Order 2, Doc. No. 60.)

[17] See, e.g., *Alfwear, Inc. v. Kulkote, LLC*, No. 2:19-cv-00027, 2020 U.S. Dist. LEXIS 129573, at *4 (D. Utah July 21, 2020) (unpublished) ("Rule 45 subpoenas sought after the discovery cut-off date are improper attempts to obtain discovery beyond the discovery period and should be quashed on this basis.").

## CONCLUSION

Mr. Carter has not justified appointment of counsel, and his request for subpoenas is procedurally improper and untimely. Accordingly, Mr. Carter's Motion for Request of Counsel and Discovery Evidence in Support of Subpoena[18] is denied.

DATED this 24th day of March, 2025.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[18] (Doc. No. 63.)